Copies Mailed/Faxed 8/30/19
Chambers of Vincent L. Briccetti

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

SHEPPARD ADEGHE,

           Plaintiff,

v.

WESTCHESTER COUNTY; ARAMARK
CORRECTIONAL SERVICES, LLC; FRANCIS
DELGROSSO; DONNA BLACKMAN;
DARNELL FLAX; LEANDRO DIAZ; KARL
VOLLMER; K. HEWITT; and MANUEL
MENDOZA,

           Defendants.

--------------------------------------------------------------x

**OPINION AND ORDER**

18 CV 7912 (VB)

Briccetti, J.:

    Plaintiff Sheppard Adeghe, proceeding pro se and in forma pauperis, brings this action

under 42 U.S.C. § 1983, against defendants Westchester County, Aramark Correctional Services,

LLC ("Aramark"), Francis Delgrosso, Donna Blackman, Darnell Flax, Leandro Diaz, Karl

Vollmer, K. Hewitt, and Manuel Mendoza. Plaintiff alleges defendants intentionally or

recklessly served him constitutionally inadequate food in violation of the Fourteenth

Amendment. Liberally construed, plaintiff's complaint also asserts claims for First Amendment

retaliation and denial of access to the courts.

    Now pending is defendants' unopposed motion to dismiss the complaint pursuant to Rule

12(b)(6). (Doc. #25).[1]

---

[1]     Plaintiff's opposition was originally due February 19, 2019. Plaintiff failed to file an
opposition or seek an extension of time to do so by that date. On March 4, 2019, the Court sua
sponte extended plaintiff's time to oppose to April 3, 2019. Plaintiff again failed to file an
opposition or seek an extension of time to do so. Thus, on April 12, 2019, the Court deemed the
motion fully submitted and unopposed.

For the reasons set forth below, the motion is GRANTED. However, plaintiff is granted leave to file an amended complaint as to his Fourteenth Amendment conditions of confinement claim only, in accordance with the instructions below.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor, as set forth below.

Plaintiff, at all relevant times a pretrial detainee at Westchester County Jail ("WCJ"), alleges that from March 2, 2017, through August 24, 2018, he was continuously ill because of the food at WCJ. Plaintiff alleges his symptoms included diarrhea, dehydration, loss of energy, nausea, vomiting, stomach pain and cramps, hunger pangs, constant headaches, prolonged fatigue, and blurred vision.

Plaintiff alleges he was served food containing tray chippings and hair, and that kitchen workers who prepared and served the food did not wear hair nets. Moreover, plaintiff alleges the trays contained old food from previous meals, black mold, and moldy water leaking into the food. According to plaintiff, the food was not properly cooked, and was always pink and red inside. When plaintiff complained, he was told to cook the meat in the microwave, but most of the time he did not have access to a microwave for several hours. He also alleges on several occasions he found insects—specifically, flies, and once maybe a ladybug—in his salad, rice, and meatballs. In addition, plaintiff alleges the inmates were offered juice, but the juice containers were covered in black mold. Finally, plaintiff alleges most of the meals served were

2

"a collection of old foods served previously from the previous weeks." (Doc. #2 ("Compl.") at 7).[2]

Plaintiff alleges he was twice hired as an inmate worker and was responsible for distributing inmate meals and beverages, for a total of eight months. Plaintiff alleges he requested "on dozens of occasions" that he be provided with gloves, hair nets, and beard nets, but was told by correctional staff that "they never send any of that stuff up. If you do not want to distribute the trays then let me know I will fire you." (Compl. at 7).

Plaintiff alleges defendants Westchester County, Aramark, Donna Blackman, and Leandro Diaz knew of the conditions plaintiff alleges in his complaint because of previous lawsuits. Further, plaintiff alleges defendants Francis Delgrosso and Karl Vollmer were aware of the same conditions because they responded to inmates' food-related grievances and complaints. According to plaintiff, Blackman, Darnell Flax, and Manuel Mendoza supervised inmate kitchen workers who prepared meals and were responsible for preparation, storage, and cleanliness in the kitchen.

Plaintiff alleges he attempted to file numerous grievances with WCJ staff and officers. However, according to plaintiff, all his grievances were refused. Plaintiff allegedly was told multiple times by WCJ staff and officers that they were not permitted to accept grievances related to Aramark. Plaintiff further alleges WCJ has a policy of treating Section 1983 complaint forms as contraband, and that his family had to mail him a complaint form for him to file the instant lawsuit. According to plaintiff, after he requested a complaint form from defendant K. Hewitt, Hewitt ordered plaintiff's cell searched.

---

[2] "Compl. at __" refers to the page numbers automatically assigned by the Court's Electronic Case Filing system.

**DISCUSSION**

I.   Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative

complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v.

Iqbal, 556 U.S. 662, 679 (2009).  First, a plaintiff's legal conclusions and "[t]hreadbare recitals

of the elements of a cause of action, supported by mere conclusory statements," are not entitled

to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678;

Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded

factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard

of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544,

564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe submissions of pro se litigants and interpret them "to

raise the strongest arguments that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d

471, 474 (2d Cir. 2006) (per curiam) (internal quotation omitted) (collecting cases).  Applying

the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges

civil rights violations.  See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir.

2008).  "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice."  Chavis v. Chappius, 618 F.3d

4

162, 170 (2d Cir. 2010) (internal quotation omitted). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

## II.    Conditions of Confinement Claim

Plaintiff fails to state a claim against any of the individual defendants for deliberate indifference to his conditions of confinement based on the allegedly inadequate food at WCJ.

Deliberate indifference claims brought by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment, rather than under the Eighth Amendment, because "pretrial detainees have not been convicted of a crime and thus 'may not be punished in any manner—neither cruelly and unusually nor otherwise.'" Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017) (internal alterations omitted) (quoting Iqbal v. Hasty, 490 F.3d 143, 168 (2d Cir. 2007), rev'd on other grounds sub nom. Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

To state a deliberate indifference claim, plaintiff's allegations must satisfy two prongs: an objective prong and a mens rea prong. Darnell v. Pineiro, 849 F.3d at 29. Namely, plaintiff must plausibly allege "that the challenged conditions were sufficiently serious," and that defendants "acted with at least deliberate indifference to the challenged conditions." Id.

To plead the objective prong, a pretrial detainee must plausibly allege the challenged conditions, "either alone or in combination, pose[d] an unreasonable risk of serious damage to his health." Darnell v. Pineiro, 849 F.3d at 30 (quoting Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013)). "There is no 'static test' to determine whether a deprivation is sufficiently serious; instead, 'the conditions themselves must be evaluated in light of contemporary standards of decency.'" Id. (quoting Blissett v. Coughlin, 66 F.3d 531, 537 (2d Cir. 1995)).

The Constitution "require[s] that prisoners be served nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir.

5

1983) (per curiam) (internal quotation omitted). Further, "[c]ourts have held that allegations that a prisoner was served food contaminated or tainted by foreign objects . . . are sufficient to plead a constitutional violation." Ballard v. Lane, 2019 WL 1129158, at *2 (S.D.N.Y. Mar. 12, 2019) (internal quotation and alterations omitted) (collecting cases).[3]

To plead the mens rea prong, a pretrial detainee must plausibly allege "that the defendant-official acted intentionally . . . , or recklessly failed to act with reasonable care to mitigate the risk that the condition posed . . . even though the defendant-official knew, or should have known," of the risk. Darnell v. Pineiro, 849 F.3d at 35. The Fourteenth Amendment's mens rea prong "is defined objectively" and "can be violated when an official does not have subjective awareness that the official's acts (or omissions) have subjected the pretrial detainee to a substantial risk of harm." Id.

Here, plaintiff's allegations satisfy the objective prong.[4] Plaintiff alleges he was served food contaminated with plastic tray chippings, hair, flies, and mold; that his food was undercooked; and that he has been consistently ill as a result of the food, including suffering diarrhea, vomiting, fatigue, and more. These conditions plausibly posed an unreasonable risk of serious damage to plaintiff's health.

However, plaintiff fails to satisfy the mens rea prong. Plaintiff's allegations amount to the assertion that defendants knew and were responsible for the general conditions of food service

---

[3]  Because plaintiff is proceeding pro se, he will be provided copies of all unpublished opinions cited in this ruling. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

[4]  This is not the first time this Court has held a plaintiff adequately pleaded the objective prong of a conditions of confinement claim based on allegations concerning the food served at WCJ. E.g., e.g., Crispin v. Westchester County, 2019 WL 1299462, at *3 (S.D.N.Y. June 10, 2019); Hanner v. Westchester County, 2019 WL 1299462, at *7 (S.D.N.Y. May 21, 2019). Indeed, numerous lawsuits arising from the allegedly horrendous state of WCJ's food service have been filed in this Court. See, e.g., Dawson v. Westchester County, 2019 WL 3408899, at *6 n.6 (S.D.N.Y. July 29, 2019) (collecting cases).

at WCJ. His allegations do not, however, suggest any defendant acted with deliberate indifference in serving plaintiff the allegedly inadequate food. Plaintiff does not allege any defendant prepared or served plaintiff the food that made him sick, was present on the occasions when plaintiff was served that food, or knew of any instance on which plaintiff was allegedly served inadequate food either before or after the fact.

In addition, because there is no underlying constitutional violation, there is also no supervisory liability against any of the defendants. See Raspardo v. Carlone, 770 F.3d 97, 129 (2d Cir. 2014).

Accordingly, plaintiff's Fourteenth Amendment conditions of confinement claim against the individual defendants is dismissed.

III.     Monell Claims

As plaintiff has not adequately pleaded an underlying violation of his constitutional rights, his Monell claims against Westchester County and Aramark are dismissed. See Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006) (district court "was entirely correct" in declining to address Monell claim after finding no underlying constitutional violation).

IV.     Access to the Courts Claim

Plaintiff does not appear to assert claims against the individuals who refused to accept his grievances.[5] Rather, plaintiff appears to assert claims against Delgrosso, Diaz, and Mendoza for allegedly creating a policy that prohibits inmates from possessing Section 1983 complaint forms.

Plaintiff's allegations are troubling. Nevertheless, plaintiff fails to state a claim for denial of access to the courts.

---

[5]     Such a claim—for denial of access to WCJ's prison grievance system—would, in any case, not be cognizable. "[I]nmate grievance procedures are not required by the Constitution and therefore a violation of such procedures does not give rise to a claim under § 1983." Cancel v. Goord, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001).

To state a claim for denial of access to the courts, "a plaintiff must allege that the defendant took or was responsible for actions that hindered a plaintiff's efforts to pursue a legal claim." Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (internal quotation, citation, and alteration omitted). But any claim that plaintiff was deprived of his right to petition the government for redress is belied by the fact of his bringing this lawsuit. See Tutora v. Gessner, 2019 WL 1382812, at *5 (S.D.N.Y. Mar. 27, 2019) (holding plaintiff's access-to-courts claim failed because plaintiff failed to allege he suffered an actual injury).

Accordingly, plaintiff's denial of access to the courts claim is dismissed.

V.   First Amendment Retaliation Claim

Plaintiff alleges defendant K. Hewitt ordered a search of his cell after plaintiff requested a Section 1983 complaint form. To the extent plaintiff brings a First Amendment retaliation claim based on these alleged facts, it fails. A retaliatory cell search alone is not a cognizable adverse action and therefore "is insufficient to support a First Amendment retaliation claim." Salahuddin v. Mead, 2002 WL 1968329, at *5 (S.D.N.Y. Aug. 26, 2002) (collecting cases).

Accordingly, plaintiff's First Amendment retaliation claim is dismissed.

VI.   Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (internal quotation omitted). District courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any

indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation omitted).

Here, because a liberal reading of plaintiff's complaint indicates a valid Fourteenth Amendment claim might be stated, and because plaintiff has not previously amended his complaint, the Court grants plaintiff leave to file an amended complaint and replead his Fourteenth Amendment conditions of confinement claim only, to the extent he can do so clearly, concisely, truthfully, and plausibly.

To the greatest extent possible, plaintiff's amended complaint must address the deficiencies identified in this Opinion and Order and must:

1. give the dates and times of each incident in which plaintiff was served the food described in his complaint;

2. describe how each defendant was involved in serving plaintiff such food—for example, whether the defendant personally served plaintiff that food, was present when plaintiff was served that food, or otherwise knew plaintiff was served the food;

3. describe how each defendant knew or should have known the food served to plaintiff was constitutionally inadequate;

4. state which, if any, defendants plaintiff informed of the problems with his food on each such occasion, how the defendants responded to his complaints, and how the defendants' responses or lack thereof contributed to his injury;

5. include any details why plaintiff believes Aramark, Westchester County, or any of their employees gave him the food or failed to remedy his complaints; and

6. include any facts regarding the existence of an Aramark or Westchester County policy or custom that caused the deprivation of a constitutional right.

Essentially, the body of plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when the violation occurred; where the violation occurred; and why plaintiff is entitled to relief.

Finally, the amended complaint will completely replace, not supplement, the existing complaint. Therefore, plaintiff must include in the amended complaint all information necessary for his claims. However, plaintiff is directed to include in his amended complaint only those facts and documents he believes plausibly support a violation of his constitutional rights.

## CONCLUSION

The motion to dismiss is GRANTED. However, plaintiff is granted leave to file an amended complaint as to his Fourteenth Amendment conditions of confinement claim only, in accordance with the instructions above.

Plaintiff shall file his amended complaint by no later than September 30, 2019, using the amended complaint form attached to this Opinion and Order. **If plaintiff fails to file an amended complaint or seek additional time to do so by September 30, 2019, the Court will deem plaintiff to have abandoned this case and will direct the Clerk to enter judgment in defendants' favor and close the case.**

The Clerk is instructed to terminate the motion. (Doc. # 25).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: August 29, 2019
      White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

No. 18 CV 7912 (VB)
(To be filled out by Clerk's Office)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 5/6/16

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a *"Bivens"* action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name          Middle Initial         Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City           State         Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name   Last Name    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City     State    Zip Code

Defendant 2:

First Name   Last Name    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City     State    Zip Code

Defendant 3:

First Name   Last Name    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City     State    Zip Code

Defendant 4:

First Name   Last Name    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City     State    Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____